WWR# 20135332

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>WILLIAM HAWTHORNE<br>DANIELLE HAWTHORNE<br>Debtors<br><br>CITIZENS AUTO FINANCE<br>Movant | CASE NO. 12-14544-elf<br><br>CHAPTER 13<br><br>**Hearing Date: 5/16/13**<br>**Hearing Time: 10:00 a.m.** |

**MOTION BY CITIZENS AUTO FINANCE FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(d)**

The Motion of Movant, by its attorney, Keri P. Ebeck, Esquire, respectfully represents:

1. On May 8, 2012, the Debtors filed a voluntary petition commencing a case under Chapter 13, Title 11, United States Code, and for the entry of an Order for Relief.

2. Movant holds a valid security interest in one 2011 Jeep Patriot, VIN # 1J4NF1GB0BD155168, evidenced by a Certificate of Title ("Title"). A copy of a Retail Installment Contract executed by Debtors and the Title are attached hereto as Exhibit "A".

3. This is an action under 11 U.S.C. Section 362(d) to vacate or modify a stay granted under 11 U.S.C. Section 362(a) to permit repossession and sale of the subject vehicle.

4. At the time of the filing of this Motion, the Debtors have defaulted on the payments due under the Retail Installment Contract for February 4, 2013 through and including April 4, 2013 and together with attorney's fees and court costs, the Debtors owe Movant $1,519.19 on account of such defaulted payments.

5. Movant lacks adequate protection of its interest in the Vehicle.

6. The Debtors' Payoff balance as of April 10, 2013 is $16,393.32.

WHEREFORE, Movant prays that the stay pursuant to Section 362(a) of Title 11 United States Code be modified to allow Movant to exercise any and all of its remedies under its loan documentation and under state law to proceed with repossession and sale of the subject vehicle, and that it have such other relief as is just.

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ Keri P. Ebeck
KERI P. EBECK, ESQUIRE
Suite 1400, 436 7th Avenue
Pittsburgh, PA 15219
(412) 434-7955 / (412) 434-7959
Attorney for Movant

**Citizens** Automobile Finance, Inc.

Rev. 10/09

**RETAIL INSTALLMENT CONTRACT** PA

Dealer Number

Date 07/21/2011

Buyer: WILLIAM EDWARD HAWTHORNE 1408 KUMMERER RD POTTSTOWN, PA 19464
(Print Full Name and Address of Principal Residence)

Co-Buyer: DANIELLE LOUISE HAWTHORNE 1408 KUMMERER RD POTTSTOWN, PA 19464
(Print Full Name and Address of Principal Residence)

Creditor-Seller: BERGEY'S CHRYSLER JEEP DODGE 408 HARLEYSVILLE PIKE SOUDERTON, PA 1
(Print Full Name and Address)

**WHO IS BOUND:** You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. By signing below, you choose to buy the vehicle on credit under the terms on the front and back of this Contract and are individually liable for any amount due. In this Contract, "we", "us", and "our" mean the creditor named above and, after assignment, the creditor's assignee ("Assignee").

**DESCRIPTION OF VEHICLE:** You agree to buy and we agree to sell the following vehicle:

| New, Used or Demo | Year | Make and Model | Body Type | Vehicle Identification Number | Key Number |
|---|---|---|---|---|---|
| NEW | 201 | JEEP PATRIOT SPORT 4X4 | STA. WA | 1J4NF1GB0BD155168 | |

If truck or recreational vehicle – Describe body, gross vehicle weight and major items of equipment sold:

The vehicle is being purchased primarily for X personal, family or household, or business purposes.

**NOTICE TO BUYERS OF USED OR DEMONSTRATION VEHICLES: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**AVISO A LOS COMPRADORES DE AUTOS DE USO O DE DEMOSTRACIÓN: LA INFORMACION QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHICULO ES PARTE DE ESTE CONTRATO. LA INFORMACION EN LA FORMA DE VENTANILLA DOMINA CUALESQUIER ESTIPULACION CONTARIA EN EL CONTRATO DE VENTA.**

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS | TOTAL SALE PRICE |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your downpayment of $ 3,450.00 |
| 3.90 % | $ 2,581.88 | $ 20,654.68 | $ 23,236.56 | $ 26,686.56 |

**PAYMENT SCHEDULE:** Your payment schedule will be 72 monthly payments of $ 322.73 each, due on the same day of each month starting on 09/04/2011

**PREPAYMENT:** You have the right to pay off this Contract early. If you do so, you will not have to pay a penalty.
**SECURITY:** You are giving us a security interest in the motor vehicle being purchased.
**LATE CHARGE:** If all or any portion of a payment is late, you will be charged a default charge of two percent per month of the unpaid amount of the installment.
**OTHER TERMS:** Please read this Contract, including the reverse side, for additional information on security interests, nonpayment, default, and our right to require repayment in full before the scheduled maturity date.

**IF YOU DO NOT MEET YOUR CONTRACT OBLIGATIONS, YOU MAY LOSE THE VEHICLE.**

**ITEMIZATION OF THE AMOUNT FINANCED**

1. Cash Price of Vehicle (including any accessories, installation, services, repairs, taxes and other permitted costs): $ 23,937.68 (1)
2. Downpayment:
   A. Trade-in. Your Trade-in is a 2002 HONDA CIVIC 2HGES16512H581243
   Gross Allowance $ 2450.00 less Amount Owing $ 0.00 equals Net Trade-in $ 2450.00
   (If Amount Owing exceeds Gross Allowance, enter "0" as Net Trade-in and enter excess as Prior Credit or Lease Balance in item 4D) 0.00
   B. Cash Downpayment $ 1000.00
   C. Manufacturer's Rebate Applied to Downpayment $
   D. Total Downpayment (A plus B plus C) $ 3,450.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2D): $ 20,487.68 (3)
4. Other Charges Including Amounts Paid to Others on Your Behalf:
   A. Amounts Paid to Insurance Companies (Amounts paid to Insurance Companies as per insurance disclosures below)*: N/A
      1. Optional Credit Life Insurance $ N/A
      2. Optional Credit Accident and Health Insurance $
   B. Amounts Paid to Public Officials: 6.00
      1. Government License and/or Registration Fees $ 22.50
      2. Certificate of Title Fees $ 5.00
      3. Lien Recording Fees $ 0.00
      4. Other (Specify) PTA Tire Tax $ 5.00
      5. Other (Specify) Online Registration $ 14.15
      6. Other (Specify) $ 114.35
   C. Seller's Documentary Fee (not a governmental fee) $
   D. Other Charges (Describe who will receive payment and purpose) N/A 0.00
      1. To N/A For Prior Credit or Lease Balance N/A $ 0.00
      2. To N/A For N/A $ 0.00
      3. To N/A For N/A $ 0.00
      4. To For $
   E. Total Other Charges and Amounts Paid to Others on Your Behalf (A plus B plus C plus D) $ 167.00 (4)
5. Amount Financed / Unpaid Balance (3 plus 4E): $ 20,654.68 (5)
6. Finance Charge $ 2,581.88 (6)
7. Time Balance $ 23,236.56 (7)
8. Payment Schedule: One payment of $ 322.73 and 71 payments of $ 322.73 each, beginning 09/04/2011 and due on the dates shown in the PAYMENT SCHEDULE above.

*To the extent permitted by applicable law, we may be receiving a portion of these amounts.

**PROMISE TO PAY:** You promise to pay us the Amount Financed shown above, plus a Finance Charge determined by applying a daily rate of 1/365th (1/366th in a leap year) of the Annual Percentage Rate shown above to the unpaid balance in the Amount Financed for each day this Contract remains unpaid. You agree to make payments in accordance with the Payment Schedule shown in the Truth in Lending Disclosure Box shown above. You also agree to pay any late charge you incur.

**PAYMENTS BEFORE OR AFTER DUE DATE: This is a simple interest Contract. This means that the amount of the Finance Charge shown above may vary depending upon when your payments are received.** The earlier you make payments before their due dates, the less Finance Charge you will owe. The later you make payments after they are due, the greater the Finance Charge. We credit each payment in any manner we choose, unless applicable law requires a particular method of payment allocation. We will send you a check for any amount owed you (if it is $1.00 or more) after you make your last payment; we will advise you of any additional amount owed (if it is $1.00 or more). There is a possibility that a supplemental payment of interest might be due if earlier payments were received after their due date.

**LOCATION OF VEHICLE:** The vehicle will be kept at the above address of the Buyer, unless another address is listed below:

(Street and Town)

**CREDIT INSURANCE: YOU CANNOT BE DENIED CREDIT SIMPLY BECAUSE YOU CHOOSE NOT TO BUY CREDIT INSURANCE. CREDIT LIFE INSURANCE AND CREDIT ACCIDENT AND HEALTH INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT. INSURANCE WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL CHARGE.** The policies or certificates issued by the insurer will describe the terms and conditions in further detail. If you want the following insurance, sign below.

☐ Life ( ) Buyer ☐ Co-Buyer ☐ Both) at a premium of $ N/A for a term of N/A
Credit life insurance will pay your debt on this Contract up to $ N/A
☐ Disability, Accident and Health (Buyer Only) at a premium of $ N/A for a term of N/A
Credit disability, accident and health insurance will pay your debt on this Contract up to $ N/A
The name of the Insurer is N/A of N/A
Name Home Office Address

X________________ Buyer Signature Date X________________ Co-Buyer Signature Date

**THIS CONTRACT DOES NOT PROVIDE FOR AUTOMOBILE LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

**IMPORTANT: THE TERMS OF THIS CONTRACT ARE CONTAINED ON BOTH SIDES OF THIS PAGE. READ THE ADDITIONAL TERMS ON REVERSE SIDE BEFORE SIGNING BELOW.**

**DUE TO THE PASSAGE OF THE "USA PATRIOT ACT" WE ARE REQUIRED TO NOTIFY OUR CUSTOMERS OF THE FOLLOWING:**

**VERIFICATION OF CUSTOMER IDENTITY** - Federal laws and regulations require us to request information from you prior to opening an account or adding an additional signatory to an account. The information we request may vary depending on the circumstances, but at a minimum, will include your name, address, an identification number such as your social security or taxpayer identification number, and for individuals, your date of birth. We are also required to verify the information you provide to us. This verification process may require you to provide us with supporting documentation that we deem appropriate. We may also seek to verify the information by other means. We reserve the right to request additional information and/or signatures from you from time to time. In all cases, the protection of our customer's identity and confidentiality is our pledge to you.

***The Annual Percentage Rate may be negotiable with the Creditor-Seller. The Creditor-Seller may assign this Contract and retain its right to receive a part of the Finance Charge.***

**NOTICE TO BUYER.**
**DO NOT SIGN THIS CONTRACT IN BLANK.**
**YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN.**
**KEEP IT TO PROTECT YOUR LEGAL RIGHTS.**

Buyer Signs [signature] Co-Buyer Signs [signature]

**BY SIGNING BELOW, YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT. YOU ALSO ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED IN COPY OF THIS CONTRACT AND A COPY OF THE CITIZENS FINANCIAL GROUP, INC. PRIVACY NOTICE AT THE TIME YOU SIGN THE CONTRACT.**

X [signature] 7/21/11 Buyer's Signature Date X [signature] (Co) Buyer's Signature Date

Creditor-Seller Signs [signature] 7/21/11 Date

By signing here, the Creditor-Seller accepts this Contract and also agrees to the terms of the Seller's Assignment on the reverse side.

ORIGINAL

**OTHER IMPORTANT AGREEMENTS:**

**OWNERSHIP AND RISK OF LOSS:** You agree to pay us all you owe under this Contract even if the vehicle is unintentionally damaged, destroyed, or missing. You agree not to sell, transfer, or remove the vehicle from the United States for more than 30 days without our written permission. You will maintain the vehicle in good condition and repair, except wear and tear caused by ordinary use. We may inspect the vehicle at any reasonable time. You will not expose the vehicle to misuse or confiscation or permit anyone to use the vehicle for any unlawful purpose. You will keep the vehicle free of any claims and seizures by any government authority. You will not rent the vehicle to others or carry passengers for hire. If we pay any repair bills, storage bills, taxes, fines, or other charges on the vehicle, you will repay the amount when we ask for it. You will immediately notify us of any change in the address of your principal residence or the address where the vehicle is regularly located.

**SECURITY INTEREST:** You are giving us a security interest in: the vehicle being purchased; all proceeds of the vehicle; all accessions; and any attachments, accessories, or equipment affixed to the vehicle within ten days of this Contract. The security interest also covers: (1) insurance premiums returned to us; (2) proceeds of insurance policies on the vehicle, and (3) proceeds of any insurance policies on your life or health financed in this Contract. This security interest secures payment of all amounts you owe in this Contract and in any transfer, renewal, extension, modification, refinancing, or assignment of this Contract. It also secures your other agreements in this Contract. For purposes of this Contract, we agree to forego any security interest you may have given under another agreement which secures your obligation under this Contract. You will cause or cooperate in causing our security interest (lien) on the vehicle to be shown on the title. You will not allow any subordinate or other liens to be placed on the vehicle.

**REQUIRED PHYSICAL DAMAGE INSURANCE:** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this Contract. You may obtain this insurance from any insurer you choose that is acceptable to us. You will make us loss payee and provide evidence of insurance. At any time during the term of this Contract, if you do not have physical damage insurance which covers both your and our interests in the vehicle, then we may buy it for you. If we do not buy physical damage insurance which covers both interests in the vehicle, we may, if we decide, buy insurance which covers only our interest, as permitted by applicable law.

We are under no obligation to buy any insurance, but may do so if we desire. If we buy either of these coverages, we will let you know what type it is and the charge you must pay. The charge will consist of the cost of the insurance and a Finance Charge at the Annual Percentage Rate applicable to this Contract, but not to exceed the highest rate permitted by law. You agree to pay the charge in equal installments along with the payments shown on the payment schedule.

If the vehicle is lost or damaged, you agree that we can use any insurance settlement either to repair the vehicle or to apply to your debt.

**INSURANCE CHARGES RETURNED TO US:** If any charge for required insurance is returned to us, it may be credited to your account or used to buy similar insurance or insurance covering only our interest in the vehicle. Any refund on optional insurance we obtain will be credited to your account or returned to you. Any insurance charges returned to us and credited to your account will be applied to as many of your installments as they will cover, beginning with the final installment.

**SUMMARY NOTICE REGARDING PREPAYMENT AND REINSTATEMENT:** You have the right to prepay this Contract in whole or in part at any time and you will not be charged a penalty for any such prepayment. If you are default, you may have the right to reinstate this Contract or if your property has been repossessed you may have the right under the law to receive back your property and to reinstate this Contract.

**DEFAULT:** You are in default if: (1) you fail to make a regularly scheduled installment payment when due; (2) any event occurs which substantially impairs the value of the vehicle; (3) a proceeding in bankruptcy, receivership or insolvency is instituted by or against you or your property; or (4) you breach any of your agreements or obligations under this Contract or if you die.

**REQUIRED REPAYMENT IN FULL BEFORE THE SCHEDULED DATE:** If you are in default, we can, upon written notice to you and subject to any right you may have to cure the default, demand that you pay all you owe on this Contract at once. If you fail to pay, you will be liable for interest at the Annual Percentage Rate applicable to this Contract, but not to exceed the highest rate permitted by law.

**REPOSSESSION OF THE VEHICLE:** Repossession means our taking the vehicle from you. If you are in default, we can repossess the vehicle upon written notice to you as required by law and subject to your rights to cure the default. To take the vehicle we can enter your property, or the property where it is stored, so long as it is done peacefully. If there is any personal property in the vehicle, we will hold such property for the period required by law. If you fail to claim such personal property within such period, this property will be disposed of in the same manner as the vehicle. Any proceeds of such property will be applied to pay any amounts you still owe to us. Any accessories, equipment or replacement parts will remain with the vehicle.

**GETTING THE VEHICLE BACK AFTER REPOSSESSION:** If the vehicle has been repossessed, we may, but are not required to, allow you to reinstate this Contract and return the vehicle to you provided that you pay all past due installments, accrued late charges and agree with us on mutually satisfactory arrangements, and, if default at the time of repossession exceeded 15 days, also pay us expenses of retaking, repairing and storage authorized by law. If we do not allow you to reinstate this Contract, you may redeem the vehicle and end the Contract by payment of either of the following amounts, as applicable: (i) when default at the time of repossession was less than 15 days, the unpaid time balance plus any accrued default charges authorized by law plus any other amounts lawfully due under this Contract, excluding costs of retaking, repairing and storage; or (ii) when default at the time of repossession exceeded 15 days, the unpaid time balance, plus any accrued default charges authorized by law, plus costs of retaking, repairing, repossession and storing authorized by law, plus any other amount lawfully due under the Contract. Your right to redeem will end when the vehicle is sold.

**SALE OF THE REPOSSESSED VEHICLE:** We will send you a written notice of sale within the time period required by law before selling the vehicle. If you do not redeem the vehicle by the date on the notice, we can sell it at a public or private sale. We will use the net proceeds of the sale to pay all or part of your debt. The net proceeds of sale will be figured this way: Any charges permitted by law for retaking, storing and repairing the vehicle, and any other charges permitted by law will be subtracted from the selling price. If you owe us more than the net proceeds of sale, you will pay us the deficiency. In any action we bring for a deficiency, you are entitled to have the reasonable value of the vehicle at the time of resale determined by the court, and if the value determined by the court is higher than the resale price, the higher value will be credited to the amounts you owe us. If you owe us less than the net proceeds of sale, we owe you the difference, unless someone else has an interest in the vehicle. For example, we may be required to pay a lender who has given you a loan and also taken a security interest in the vehicle.

If you owe more than the net proceeds of sale, to the extent allowed by law you will pay us the difference between the net proceeds of sale and what you owe when we ask for it. If you do not pay this amount when asked, you may also be charged interest at the highest lawful rate, not to exceed the Annual Percentage Rate applicable to this Contract, until you do pay all you owe to us.

**COLLECTION COSTS:** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorneys' reasonable fees and any court costs to the extent permitted by law.

**LATE CHARGE:** If all or any portion of a payment is late, you will be charged a default charge as shown in the Federal Truth in Lending Disclosures box on the front of this Contract. The late charge may be computed on the basis of a full calendar month for any fractional period in excess of 10 days.

**RETURNED CHECK FEE:** To the extent permitted by law, you agree to pay those costs we actually incur and do not retain in connection with a check you give us that is returned for non-sufficient funds.

**DELAY IN ENFORCING RIGHTS AND CHANGES OF THIS CONTRACT:** We can delay or refrain from enforcing any of our rights under this Contract without losing them. For example, we can extend the time for making some payments without extending others. Any change in terms of this Contract must be in writing and signed by us. No oral changes are binding. If any provision of this Contract conflicts with applicable law, it will be considered modified to comply with that law and the remaining provisions shall continue.

**WARRANTIES SELLER DISCLAIMS: You understand that the Seller is not offering any express warranties unless the Seller extends a written warranty.** This provision does not affect any warranties covering the vehicle which may be provided by the vehicle manufacturer.

**RIGHT TO OFFSET: To the extent permitted by operation of law, if you are in default, we can subject to your right to cure the default, pay all or part of the amounts owed under this Contract from any deposits or funds that you have with us without telling you ahead of time.**

**CREDIT INFORMATION:** You agree that we or our affiliate providing servicing or to whom this contract may be assigned may obtain a consumer credit report periodically from one or more consumer reporting agencies (credit bureaus) in connection with your application and any update, renewal, refinancing, modification or extension of this Contract. If you ask, you will be told the name and address of any credit bureau from which we or our affiliate obtained your credit report. We may also verify employment, pay, assets and debts. Anyone receiving a copy of this is authorized to provide us with such information. You agree that, to the extent permitted by law and as disclosed in our privacy notice, we, our assignee, any of our affiliates, and others may exchange credit, account and financial information about you.

**NEGATIVE INFORMATION:** We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**GOVERNING LAW:** This Contract is governed by the law of Pennsylvania, and is the entire agreement between you and us.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

## Guaranty

FOR VALUE RECEIVED, undersigned, jointly and severally if more than one, unconditionally guarantee payment and performance of all obligations of Buyer and Co-Buyer under the above Retail Installment Contract ("the Contract"), accept all provisions of the Contract and agree to pay all reasonable collection expenses and attorneys' reasonable fees incurred in enforcing this guaranty. Undersigned hereby waive demand for payment, notice of nonpayment and notice of acceptance of this guaranty and consent to extensions of time of payment and other indulgences, including, without limitation, release of any guarantor of the Contract or release of the vehicle which is collateral for performance of the obligations of Buyer and Co-Buyer, which may be granted to Buyer and Co-Buyer or any guarantor of the Contract without notice to undersigned and whether or not (and before or after) repossession has been made or undertaken and whether or not suit has been brought against Buyer or Co-Buyer or any guarantor of the Contract. Undersigned shall be primarily and jointly and severally liable with Buyer and Co-Buyer for full performance of Buyer's and Co-Buyer's obligations under the Contract.

SIGNATURES (Sign Full Name in Ink): Date: ____________

______________ ______________ (Seal) ______________
Witness Guarantor Address

______________ ______________ (Seal) ______________
Witness Guarantor Address

**SELLER'S ASSIGNMENT**

Seller sells and assigns to the Assignee named below all of its right, title and interest in this Retail Installment Contract ("Contract"). Seller represents, warrants and covenants to Assignee that: (a)(i) no statements made or furnished to Assignee by Buyer or any Co-Buyer (collectively "Buyer"), Seller or any other person are untrue or incomplete; (ii) Buyer has not financed the down payment of the Vehicle described in the Contract ("the Vehicle"); (iii) Buyer is a bona fide applicant having legal capacity to enter into the Contract; (iv) the signature of the Buyer on all documents is genuine; and (v) the amount stated in the Contract to be due will in fact be due and payable at the time or times provided therein free of any claims, defenses, setoffs or counterclaims; (b) Seller has verified Buyer's identification; (c) The down payment for the Vehicle is paid in full with negotiable funds; (d) Seller has sold the Vehicle and the proceeds of the Contract are to be used to pay for such Vehicle and related items; (e) Seller had indefeasible title to the Vehicle immediately prior to the purchase by Buyer, and the right and authority to sell the Vehicle to Buyer, free and clear of all liens and encumbrances; (f) Seller warrants that the Vehicle is not a grey market or altered vehicle and is not salvaged, rebuilt or reconstructed from a total loss or otherwise materially impaired and the title to the Vehicle does not reflect such and the odometer statement executed by the Seller in connection with the Vehicle does not indicate true mileage unknown; (g) Seller has the authority to assign the Contract to Assignee free and clear of all liens and encumbrances, and deliver to encumbrances; (h) Seller will secure and perfect for Assignee a security interest in the Vehicle free and clear of all liens or encumbrances, and deliver to Assignee evidence satisfactory to Assignee of such security interest within six months of the date of the Contract; (i) The description of the Vehicle is true and complete in the Contract and the Vehicle will be or has been duly delivered to and accepted without revocation by Buyer; (j) Insurance or other coverage provided or arranged by Seller does not violate any applicable law or regulation and insurance documentation and rebates of unearned premiums, if any, will be delivered to Buyer within the time required by law; (k) The Vehicle is insured by a company acceptable to Assignee against fire, theft and collision, Assignee is loss payee and written evidence of such insurance has been or will promptly be provided to Assignee; (l) All optional credit insurance sold by Seller to Buyer is for the full term of the Contract and is limited to coverage of Buyer; (m) Seller has provided Buyer with a completed Contract and any other document as required by applicable law, and the information filled in thereon by Seller is accurate; (n) Seller is licensed to the extent required by law; (o) Seller has complied with all applicable transaction reporting requirements including, without limitation, the requirement under Section 6050I of the Internal Revenue Code as may be amended from time to time to report cash receipts of more than $10,000, and its implementing regulations; (p) Seller has complied with Assignee's procedures regarding the Fair Credit Reporting Act (FCRA) and Equal Credit Opportunity Act (ECOA) including, but not limited to, the following: (i) Seller has only submitted to Assignee credit information on Buyer after Buyer's signatures were first obtained on a credit application acceptable to Assignee ("Application"); (ii) Seller has not submitted any credit information on any individual whose signature does not appear on the application; (iii) Seller has advised Buyer that his/her Application has been submitted to Assignee at Assignee's current address; and (iv) Seller has advised Buyer that credit was approved by Assignee; (q) Seller has complied with all requirements of the FCRA and ECOA and all other federal, state and local laws, rules and regulations applicable to the extension of credit and consumer protection or otherwise applicable to the sale of the Vehicle including, without limitation, the requirements to provide Buyer with a foreign translation of the Contract; (r) Seller will promptly forward to the proper authorities all federal, state and local fees and taxes due in connection with the sale of the Vehicle; (s) Seller does not charge Buyer for filing fees or other costs paid by Seller to public officials to perfect Assignee's security interest in the Vehicle, except where allowed by law, nor does Seller make any type of charge, including documentary or processing charges, which Seller does not make in any other cash transaction; (t) Assignee shall have the right, but not the obligation, to inspect Seller's books, financial documents and other business records relating to this assignment or this Contract at Seller's place of business during Seller's normal business hours; and (u) upon request by Assignee, Seller shall promptly submit to Assignee signed financial statements of Seller's business, to include balance sheets, cash flow statements, profit and loss statements and such other information required by Assignee.

Each of these warranties, representations and covenants is material to Assignee's acceptance of this Contract. If any of them is breached or is erroneous, Seller unconditionally promises to accept reassignment of this Contract, without recourse against Assignee, and to pay Assignee, upon demand (1) the unpaid balance of the Contract as determined by Assignee, (2) all losses and expenses incurred by Assignee as a result of such breach or untruth, and (3) out-of-pocket expenses paid or incurred by Assignee in connection with the collection of any amount due under the Contract, including attorneys' fees and costs of litigation, whether by or against Assignee, and expenses with respect to repossessing, storing, repairing and selling the Vehicle. In addition, Seller agrees to indemnify Assignee in the manner and to the extent specified in the preceding sentence if the Assignee suffers a loss or expense in any judicial or administrative proceeding because of any claim or defense asserted against Assignee as a result of any act or omission on the part of Seller. If this Contract is rescinded by court order, Seller shall pay Assignee the amount specified above.

Seller shall be liable even if a waiver, compromise, settlement or variation of the terms of the Contract releases the Buyer.

The provisions of this assignment shall be binding on the heirs, representatives, successors and assigns of Seller and shall inure to the benefit of the successors and assigns of Assignee. Seller waives notice of acceptance of this guarantee and assignment and notices of non-payment and non-performance.

This assignment is without recourse against Seller except as provided above and/or in another agreement, if any, between Seller and Assignee relating to the financing of retail installment contracts.

Assigned to: Citizens Automobile Finance, Inc. ("Assignee")




title management system
RBS Citizens, N.A.

Search Work Queues Reports Utilities User Setup

Home Help Resources Contact Log out

Perfected

Account Name

Discrepancy

Has Work Items

## Account

Actions»

VIN/HIN: **1J4NF1GB0BD155168** Status: **Perfected (PT)** Titling State: **PA** Year: **2011** **LOAN**
Account: ████**2790** Loan: LoanSuffix: Branch: Make: **JEEP** Model: **PATRIOT**

### Overview

Primary customer: **WILLIAM E HAWTHORNE**
Secondary customer: **DANIELLE L HAWTHORNE**
Home phone:
Address: **1408 KUMMERER RD**
**POTTSTOWN, PA 19464**
Alert when perfected: Client FDI
User Defined 1:
User Defined 2:
User Defined 3:
Lienholder Status Code:
Business Unit:
Dealer ID/Name: **272319 /Bergeys Chrysler Jeep Dodge**

Recovery type:
Amount Financed:
Financed date: **07/21/2011**
Booked date:
Expected payoff date: **08/04/2017**
Payoff date:
Perfected date: **7/30/2011**
State: **PA**
Account subtype: None
Contract release type:
Contract Found:

### Customers

| | Order | Name | Type | Home Phone | Business Phone | Address | |
|---|---|---|---|---|---|---|---|
| Edit | 1 | WILLIAM E HAWTHORNE | UNKNOWN | | | 1408 KUMMERER RD POTTSTOWN, PA, 19464 | Delete |
| Edit | 2 | DANIELLE L HAWTHORNE | UNKNOWN | | | , , | Delete |

### Property

| VIN/HIN | Make | Model | Year | Damaged? | Insurance Total Loss? | Account Collateral Type |
|---|---|---|---|---|---|---|
| 1J4NF1GB0BD155168 | JEEP | PATRIOT | 2011 | | | VEH |

### Dealer Info

ID: **272319** Type: **DEALER**

Name: **Bergeys Chrysler Jeep Dodge**
Address: **408 Harleysville Pike**
**Franconia, PA 18924**
Phone: **2157213470**
Fax: **2157213479**
EMail:

Status: **ACTIVE**
Dealership:
Contact Name:
Contact Phone:
Note:

**Lien Filing**

**Release**

**Duplicate Title**

Request Date: Action Date:
Status: Last Worked By:
State: Required State Forms:
Reason Requesting Dept:
Operations Code: Billable:

**Follow Up**

Client Activities

**Direct Lending Services**

**Additional Documents**

Additional Documents do not exist for this account

## Title

Actions»

VIN/HIN: **1J4NF1GB0BD155168** State: **PA** Title Number: **69777725**
Year: **2011** Make/Builder: **JEEP** Model:

**Title-Electronic**
**Perfecting**

**Overview**

Owner(s): **MURRAY,WILLIAM EDWARD**
**DANIELLE LOUISE HAWTHORNE**
Lienholder: **CITIZENS AUTOMOBILE FINANCE IN**
Match Type: **AUTOMATIC**
Match Date: **7/30/2011**
Issuance Date: **7/30/2011**
Imported Date: **7/30/2011**

Closed Date:
Closed Reason:
Document Location:

**Owners**

| Type | Name | Address | City | State/Province | Postal Code |
|---|---|---|---|---|---|
| Unknown | MURRAY,WILLIAM EDWARD | 1408 KUMMERER RD | POTTSTOWN | PA | 19464 |
| Unknown | DANIELLE LOUISE HAWTHORNE | | | | |

**Property**

Odometer Reading: **0000025**
Odometer Accuracy: **Actual Mileage**
Prior Odometer Reading Date:
Body: **SW**

Net/Unladen Weight: **00000**
Gross Weight: **00000**
Gross Combined Weight: **00000**
Branding:
# of Passengers: **000**

**Liens**

| Name | Address | Lienholder ID | Lien Date | Lien Expiration Date |
|---|---|---|---|---|
| CITIZENS AUTOMOBILE FINANCE IN | P.O. BOX 255587 Sacramento, CA 95865 | 05050072101 | | 7/30/2017 |

**Title Maint**

Notes (Date/Time stamps in this section reflect Pacific Time)

Add Note

**Notes**

Show All   Show User Notes Only   Show Activity History Only

| Date | User | Context | Activity | Note |
|---|---|---|---|---|
| 07/30/2011 10:55 PM | System | State Import | Identify Discrepancy | Name Discrepancy work item added. |
| 07/30/2011 10:55 PM | System | State Import | Create Title | Received electronic document from State. |
| 07/30/2011 10:55 PM | System | State Import | Perfect Account w/ Discrepancies | Account and Document were automatically matched and have discrepancies. |
| 07/30/2011 04:05 AM | System | Client Import | Create Account | Account created via a Client Import file. |

**Work Items**

Discrepancies
(Requires "RESOLVE_DISCREPANCY_WORK_ITEMS" privilege.)

| | | Discrepancy Type |
|---|---|---|
| | | Name Discrepancy |

WWR# 20135332

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| IN RE: WILLIAM HAWTHORNE DANIELLE HAWTHORNE Debtors | CASE NO. 12-14544-elf |
| --- | --- |
| | CHAPTER 13 |
| CITIZENS AUTO FINANCE Movant | **Hearing Date: 5/16/13** **Hearing Time: 10:00 a.m.** |

**ORDER**

AND NOW, this ________ day of _______________, 2013, upon failure of the Debtors to file an answer or otherwise plead or appear (or after hearing held and consideration of all evidence, arguments and briefs of Counsel), it is ORDERED and DECREED that:

Citizens Auto Finance be and is hereby granted relief from the Automatic Stay to take the necessary steps to repossess and liquidate its collateral a: 2011 Jeep Patriot, VIN # 1J4NF1GB0BD155168.

___________________________________
HONORABLE ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

CC:
Movant's Counsel:
Keri P. Ebeck, Suite 1400, 436 7th Avenue, Pittsburgh, PA 15219

Debtor:
William Hawthorne, 1408 Kummerer Road, Pottstown, PA 19464

Debtor:
Danielle Hawthorne, 1408 Kummerer Road, Pottstown, PA 19464

Debtors' Counsel:
Stephen J. Ross, 152 E. High Street, Ste. 100, Pottstown, PA 19464

Trustee:
William C. Miller, 111 South Independence Mall, Suite 583, Philadelphia, PA 19106

United States Trustee:
United States Trustee, 833 Chestnut St., Suite 500, Philadelphia, PA 19107

WWR# 20135332

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:
WILLIAM HAWTHORNE
DANIELLE HAWTHORNE
Debtors

CITIZENS AUTO FINANCE
Movant

CASE NO. 12-14544-elf

CHAPTER 13

**Hearing Date: 5/16/13**
**Hearing Time: 10:00 a.m.**

**CERTIFICATE OF SERVICE**

I, Keri P. Ebeck, attorney for Movant, do hereby certify that true and correct copies of the Motion for Relief from the Automatic Stay has been served on the 22nd day of April, 2013, by first class mail, postage prepaid from Pittsburgh, Pennsylvania, upon those listed below:

William Hawthorne, 1408 Kummerer Road, Pottstown, PA 19464

Danielle Hawthorne, 1408 Kummerer Road, Pottstown, PA 19464

(Served by Electronic Notification)
Stephen J. Ross, 152 E. High Street, Ste. 100, Pottstown, PA 19464

William C. Miller, 111 South Independence Mall, Suite 583, Philadelphia, PA 19106

United States Trustee, 833 Chestnut St., Suite 500, Philadelphia, PA 19107

WELTMAN, WEINBERG & REIS CO., L.P.A.

/s/ Keri P. Ebeck
KERI P. EBECK, ESQUIRE
1400 Koppers Building, 436 7th Avenue
Pittsburgh, PA 15219
(412) 434-7955 / (412) 434-7959
Attorney for Movant